**Joseph Seely FITZGERALD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19097.**

United States Court of Appeals Fifth Circuit.

Nov. 9, 1961.

Joseph Selly Fitzgerald, pro se.

R. W. Ervin, III, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before BROWN, GEWIN, and BELL, Circuit Judges.

BELL, Circuit Judge.

Appellant was sentenced in October of 1953 in the United States District Court for the Western District of North Carolina for violations of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 2311 et seq., receiving sentences of five years and two years to run consecutively. In August, 1958 he was conditionally released and while free was arrested for transporting a forged check interstate. He entered a plea of guilty to this violation and was sentenced on October 19, 1959 by the United States District Court for the Southern District of Georgia to a term of one year and one day, and was returned to the custody of the Attorney General as a conditional release violator. He thereupon began to serve the remainder of the sentences previously imposed in North Carolina. The sentence of the District Court in Georgia was not to commence until "the expiration of, or legal release from, sentence said defendant is now serving."

On July 14, 1960 appellant pleaded guilty in the United States District Court for the Northern District of Florida to transporting a forged check in interstate

commerce. He was sentenced by that court to "One (1) year and One (1) Day to run consecutively with sentence or sentences defendant is now serving."

Appellant was advised by prison authorities that he would be required to serve the sentences imposed in Georgia and Florida consecutively making a total of two years and two days. Disagreeing with this interpretation, he filed a petition in the United States District Court for the Northern District of Florida contending that the Georgia and Florida sentences should run concurrently and that he should be required to serve only one year and one day.

His petition was heard by the District Judge who imposed the Florida sentence, and who then held that it had been the intention of the court that petitioner would begin to serve the one year and one day sentence imposed upon the expiration of the Georgia sentence. The court accordingly amended the commitment order by adding the following language "or to be served pursuant to any and all previously imposed sentences" so that the commitment order as amended would read:

"One (1) Year and one (1) day to run consecutively with the sentence or sentences defendant is now serving or to be served pursuant to any and all previously imposed sentences."

Appellant contends on appeal that the court erred in dismissing the petition for the reason that there was no ambiguity in the original commitment order and because the District Judge should have disqualified himself in view of the fact that he was reviewing a sentence originally imposed by him. He contends that the amended order illegally increased the previously imposed sentence.

Rule 36, Fed.R.Crim.P., 18 U.S.C.A., provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omissions may be corrected by the court at any time and after such notice, if any, as the court orders."

In Wallace v. United States, 199 F.2d 282, 283, 284 (8 Cir. 1952), a case involving a motion to correct a judgment and sentence to show that defendant was not represented by counsel when the verdict was returned and sentence imposed, which motion was denied by the trial court, it was said:

"The question whether the record of the judgment and sentence was correct was essentially one for the determination of the judge who presided at the trial and imposed sentence."

In United States v. Quinn, 182 F.2d 252 (7 Cir. 1950), defendant pleaded guilty under two indictments, one for violation of the postal laws and one for violation of the Dyer Act. Defendant was sentenced to serve a term of three years on each indictment to run concurrently, but to follow the sentence defendant was at that time serving. The commitment order failed to show that the two sentences were consecutive to his previous sentence. Six days following the imposition of the sentences, the court, upon motion of the government, corrected the sentences by making them consecutive to the one defendant was then serving. Defendant filed a motion to vacate the sentences, which was denied, and he then appealed therefrom. The court said in affirming the denial of the motion:

"On September 16, 1947, the court merely corrected its records by causing them to show what sentences were in fact imposed on September 10, 1947. This was permissible under Rule 36 of the Rules of Criminal Procedure for the District Courts of the United States, 18 U.S.C.A. It did not constitute a vacation of the original sentences." (p. 254)

Thus, the court here was amply authorized to correct the commitment order by resolving the ambiguity, and the amendment did not result in increasing the sentence of appellant as was the case in Rutledge v. United States, 146 F.2d

1 99 (5 Cir. 1944). It is clear that the court by the amendment merely rendered its original intention beyond dispute. The law does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. Bozza v. United States, 330 U.S. 160, 167, 67 S.Ct. 645, 91 L.Ed. 818 (1946).

Appellant contends that in any event the action of the court was controlled by Rule 35, Fed.R.Crim.P., and therefore the court could have only corrected the sentence within sixty days after it was imposed. This rule applies only to the correction of illegal or unauthorized sentences. United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1953).

The judgment of the District Court is Affirmed.