**UNITED STATES of America, Plaintiff-Respondent,**

v.

**Millard Robert BEASLEY, Defendant-Petitioner.**

**Civ. A. No. 36086.**

United States District Court, E. D. Michigan, S. D.

April 8, 1971.

Millard Robert Beasley, pro se.

James H. Brickley, U. S. Atty., Detroit, Mich., for plaintiff-respondent.

OPINION AND ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE

KENNEDY, District Judge.

Petitioner MILLARD ROBERT BEASLEY was convicted on February 20, 1969, by the late Honorable Thaddeus Machrowicz, without a jury, of having violated Section 2113(d), Title 18, United States Code [attempted armed bank robbery], and was thereafter sentenced

on June 2, 1969, to a twenty-five (25) year term to run consecutively to a Michigan state court's sentence. The Sixth Circuit Court of Appeals affirmed the District Court verdict on February 12, 1971, 438 F.2d 1279.

Mr. BEASLEY now presents a timely motion for reduction of sentence under Rule 35, Federal Rules of Criminal Procedure, and also moves for reduction of sentence and bond, pending appeal, under Rules 46(a), Federal Rules of Criminal Procedure, and 9(b), Federal Rules of Appellate Procedure. These motions are properly presented to this court as "successor judge" under the authority of Rule 25, Federal Rules of Criminal Procedure. Under Rule 25 it is:

> "the duty of the successor judge, in the first instance at least in the exercise of a sound judicial discretion, to determine whether he could satisfactorily perform the duties of the judge who presided at the trial and whom he succeeded." Connelly v. United States, 8 Cir., 249 F.2d 576 at 579.

A review of the motions and the responses thereto by the United States Attorney's office leads this court to the opinion that it can satisfactorily perform the function of the trial judge in this instance. No intensive review of the facts is required nor would first-hand knowledge of this particular trial be necessary.

Petitioner's sole contention in his written motion for reduction of sentence is that he was offered a maximum sentence of ten (10) years to run concurrently with a state of Michigan conviction if he would plead guilty; that he refused to plead guilty and that he was penalized because he insisted on a trial. Mr. BEASLEY contends that the Assistant United States Attorney, the Federal Bureau of Investigation, and the United States District Judge each offered this ten (10) year maximum.

The Government denies that the United States Attorney's office or the Federal Bureau of Investigation have made such offers and correctly states that neither have authority to offer a defendant a sentence less than the maximum for a specific offense. This is not to deny that plea bargaining exists but it is limited to permitting or recommending a plea to a single count or a charge in a superseding Information. Plea bargaining is a pragmatic necessity. It necessarily involves some form of coercion which is its undesirable aspect. It is the function of the trial courts and reviewing courts to see that coercion is kept at a minimum. Admittedly, a defendant can never be on an equal footing with the Government in such bargaining. Yet, if we were to accept the petitioner's broad position here, that the courts are limited in their sentences by the sentence offered by the Government attorneys but not accepted during plea bargaining, it would be impossible for the Government to make an offer. If the offer were the maximum sentence in all events there would be no incentive for acceptance. Every defendant who declined the Government's offer to plead to a single count and elected to exercise his right to a trial before a judge or jury and was subsequently found guilty and sentenced to the appropriate period of incarceration, could then allege that he was being punished for not taking the offer. Since the United States Attorney's office and the Federal Bureau of Investigation could have authority to offer any particular sentence and since defendant did not in fact claim to have accepted any offer they are alleged to have made, these allegations are no grounds to reduce the sentence.

Because defendant alleges that the late Honorable Thaddeus Machrowicz, the trial and sentencing judge, had promised defendant a ten (10) year concurrent sentence if he would plead guilty, an evidentiary hearing was ordered to permit defendant to present any evidence that was available on this allega-

tion. Judge Machrowicz died on February 17, 1970. Defendant's lawyer during the trial and appeal, Mr. Nick Arvin, is likewise deceased.

The testimony of defendant himself was taken on April 2, 1971. At that hearing he expressly waived on the record his right to counsel, stating he did not want counsel appointed. He testified that there were no direct communications between himself and Judge Machrowicz with respect to the alleged offer but that he had inferred that such an offer had been made by reason of a letter, dated August 15, 1968, from his attorney Mr. Arvin to himself (herein appended as Exhibit A). Laying aside for the moment the hearsay nature of the letter, it does not indicate that any promises or suggestions of a particular plea or sentence were made by Judge Machrowicz. The letter, insofar as relevant here, states:

" * * *

Day before yesterday, I talked with Red McIntyre of the U.S. Attorney's office who informed me that, following my conference with him, he had contacted the F.B.I. who slightly changed their tune about your robbery trials.

As to the one scheduled for the 13th, which was adjourned without date, they would be willing to accept a plea to a lesser offense. The F.B.I. wants a conviction to add to their statistics on bank robberies. I discussed this with Judge Machrowitz [sic] who indicated that he thought it was silly to try a man for a crime who already was under sentence of 20 years in another jurisdiction.

Please advise me immediately as to whether or not you would plead to an offense that carried a 10 year max to run concurrent with your state time."

The only matter which Mr. Arvin states was discussed with Judge Machrowicz was that the F.B.I. and the United States Attorney's office were willing to permit a plea to a lesser offense. The

following sentence which purports to summarize Judge Machrowicz' response does not contain any promise. To afford defendant whatever evidence was available the court required the United States Attorney's office to produce the former Assistant United States Attorney, Mr. Kenneth G. McIntyre, who had been in charge of the case. Mr. McIntyre testified on April 2, 1971. Because of the time which has elapsed since August of 1968 Mr. McIntyre was unable to recall what pleas had been offered to Mr. Arvin but he stated that it was probable that something had been offered. He testified further that it was his custom to offer a plea to one count and that there was a count in the Indictment against Mr. BEASLEY which carried a twenty (20) year maximum sentence as opposed to the twenty-five (25) year sentence carried by the count on which Mr. BEASLEY was convicted. Mr. McIntyre testified he was certain that he had not offered a ten-year maximum, since there was no offense he knew of which would fit the facts as known to him with respect to Mr. BEASLEY's conduct which requires a ten-year maximum. Since Mr. BEASLEY did not obtain any money by his efforts he could not be guilty of the only sub-section of Section 2113, Title 18, United States Code, which carries ten years.

Mr. McIntyre testified that at a conference with the court sometime in August of 1968 (and the court's docket sheet would indicate that it was on August 12, 1968) Judge Machrowicz had remarked that there did not seem to be much purpose in trying defendant in this matter when he was serving a sentence in Michigan and faced a twenty-year consecutive sentence to be served in Maryland or some other state. There was, however, according to Mr. McIntyre's testimony, no promise or offer made by Judge Machrowicz.

■ Based upon the testimony heard by the court it finds that there is no

evidence of any promise made by Judge Machrowicz as to what sentence defendant would receive if he pled guilty. The issues raised in United States v. Wiley, 278 F.2d 500 (C.A. 7, 1960), are not, therefore, before the court. Since no promises were made with respect to sentence the alleged promises constitute no basis for the reduction of sentence. Finally, at the hearing, and inferentially in the motions, Mr. BEASLEY asked the court as "successor judge" to reconsider the sentence imposed by Judge Machrowicz and reduce it. He urges that he has served some time in the State Prison of Southern Michigan, Jackson, Michigan, since the sentence was imposed and that he has been rehabilitated. He further points to his present age which he recites is 55, although there is another statement made in one of the motions that he is 53.

If defendant is, in fact, rehabilitated or if by reason of his age he does not or will not constitute a menace to society he can, under Section 4208(a) (2), Title 18, United States Code, be sentenced and parolled at the discretion of the Parole Board.

Rule 35 of the Federal Rules of Criminal Procedure applies only to the correction of illegal or unauthorized sentences. Fitzgerald v. United States, 296 F.2d 37 (C.A. 5, 1961); the sentence is not challenged as being unauthorized. In reviewing the sentence as imposed by the late Judge Machrowicz this court finds no illegality. Petitioner's Motion for Reduction of Sentence is denied.

It is so ordered.

APPENDIX

NICK ARVAN

Attorney and Counselor
16114 E. Warren Avenue
Detroit, Michigan 48224

882–1120

August 15, 1968

Mr. Robert Beasley    72422
4000 Cooper Street
Jackson, Michigan

Dear Bob:

All of your letters have been received and unanswered to this point because of the matter of the disposition of your federal matter.

Day before yesterday, I talked with Red McIntyre of the U. S. Attorney's office who informed me that, following my conference with him, he had contacted the F. B. I. who slightly changed their tune about your robbery trials.

As to the one scheduled for the 13th, which was adjourned without date, they would be willing to accept a plea to a lesser offense. The F. B. I. wants a conviction to add to their statistics on bank robberies. I discussed this with Judge Machrowitz who indicated that he thought it was silly to try a man for a crime who already was under sentence of 20 years in another jurisdiction.

Please advise me immediately as to whether or not you would plead to an offense that carried a 10 year max to run concurrent with your state time.

Very truly yours,
/s/ Nick

NA/ed

EXHIBIT A

Re:   Civil Action No. 36086
        Millard Robert Beasley v.
        United States of America