**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter A. NIEMIEC,
Defendant-Appellant.**

**No. 81–3066.**

United States Court of Appeals,
Seventh Circuit.

Argued June 11, 1982.

Decided Sept. 23, 1982.

John R. Stanish, Hammond, Ind., for defendant-appellant.

Charles B. Miller, Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Before PELL and COFFEY, Circuit Judges, and EAST,* Senior District Judge.

COFFEY, Circuit Judge.

Appeal from the United States District Court for the Northern District of Indiana. This case is an appeal from the denial of the defendant-appellant's motion to set aside an order which stated in part, "the execution of the remainder of the sentence of imprisonment is hereby suspended...." AF-FIRMED.

The defendant-appellant, Walter A. Niemiec, was convicted of perjury in violation of 18 U.S.C. § 1623. The trial judge, Judge McNagny, became ill and underwent emergency surgery after the defendant's trial and was unable to be present in court to sentence the defendant. District Judge (now Circuit Judge) Jesse E. Eschbach was assigned to sentence the defendant pursuant to Federal Rule of Criminal Procedure 25, which recites as follows:

"Judge; Disability

(b) After Verdict or Finding of Guilty. If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in

* The Honorable William C. East, Senior District Judge for the District of Oregon, is sitting by

designation.

or assigned to the court may perform those duties;"

Fed. R. Crim. P. 25(b). Judge Eschbach met with the same sentencing council which had advised Judge McNagny, and informed the defendant in open court:

"I have been advised by the Chief Probation Officer, who discussed this matter with Judge McNagny not only during the sentencing council meeting but thereafter, that it is in line with that which Judge McNagny had determined to impose, and that Judge McNagny was convinced that there was guilt on count four [the perjury count] beyond a reasonable doubt."

Thereafter, on April 27, 1979, Judge Eschbach entered the Judgment and Probation/Commitment Order, which reads in pertinent part:

"The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one (1) year to be served. FINE—$3,000.00 plus the costs of this action."

Niemiec surrendered himself to the Federal Prison Camp in Marion, Illinois and began serving his sentence. Shortly thereafter, he filed a motion for reduction of sentence:

"MOTION FOR REDUCTION
OF SENTENCE

Defendant, Walter A. Niemiec, sentenced on April 27, 1979, for a term of one year, and fined in the sum of Three Thousand ($3,000.00) Dollars, for violation of Title 18, Section 1623, of the United States Code, moves for a reduction of his sentence to a term of one year and a day, or that the remainder of his sentence be suspended and defendant placed on probation for the following reasons:

Defendant began serving his sentence on March 27, 1980, at the Federal Prison Camp, at Marion, Illinois. Approximately three weeks later, defendant was transferred to the Federal Prison Camp, at Lexington, Kentucky, where he is now.

That the reason for defendant's transfer is the condition of his health, as discovered at Marion and at Lexington: the defendant has high blood pressure, an enlarged heart, and kidney disease. The defendant requires surgery on his kidney, medication for his heart and blood pressure, and a special diet for his general condition. Defendant has other ailments and requires other treatment, all of which are unknown to the attorney for defendant, but are more particularly known by the medical staff of the Federal Prison Bureau."

As can be seen from a reading of the petition, the defendant fails to request a reduction of the fine and/or court costs. The defendant later informed the court that he had undergone surgery to his kidney, and was found to have cancer and heart disease. The defendant recited that he required specialized treatment to prevent the spread of the cancer and further stated that the treatment for his heart disease and his special diet were not available to him while he remained incarcerated. The defendant again failed to mention or request a reduction of the fine and costs.

In response to the defendant's motions, on September 9, 1980, District Judge McNagny, whose health had improved enough at that time to allow him to return to the bench, on this date reduced the defendant's sentence of confinement with a written order which reads in part as follows:

"The Court has been advised and has confirmed that Mr. Niemiec is suffering from cancer and heart disease. The Court finds that it would be in the interests of justice to GRANT defendant's motion.

IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of one (1) year; and on the condition that the defendant be confined in a jail type or treatment institution for a period of six (6) months, *the execution of the remainder of the sentence of imprisonment is hereby suspended* and the defendant is placed on probation for a period of five

(5) years to commence upon the defendant's release from confinement." (Emphasis supplied)

After Niemiec had completed serving his reduced prison sentence and was released on probation, he recited that it was his position that Judge McNagny's order reducing his sentence had the effect of relieving him from the obligation of paying the $3,000.00 fine and court costs and therefore refused to pay the same. After Judge McNagny was advised that Niemiec refused to pay the fine and costs, Judge McNagny, *sua sponte,* issued an order dated March 17, 1981 which was served on the parties, amending the court order of September 9, 1980, stating:

> "Since it was never the intention of the Court to relieve the defendant from paying these costs it is ORDERED that the Order of September 9, 1980, be AMENDED to include the payment of the $3,000.00 fine and Court costs."

Judge McNagny died on March 28, 1981 and as a result of his death the defendant's case was reassigned to District Judge Lee (see Rule 25 of the Federal Rules of Criminal Procedure). Niemiec moved the court to correct the March 17th order and further asked that the March 17th order be vacated, set aside and/or reduced, and on December 14, 1981 Judge Lee denied this motion. The defendant appeals from this denial.

*Issue:* Did the district court abuse its discretion in denying the defendant's motion to correct the order of March 17, 1981?

■ The appellant lists several grounds for reversal of the district court order denying his motion to correct the order of March 17th. Initially, the defendant argues that the order reducing his prison sentence also eliminated the $3,000.00 fine and court costs. The defendant further asserts that when the district court clarified its position and amended the previous order to include the $3,000.00 fine and court costs, he contends the court, in effect, increased his punishment and placed him in double jeopardy. Moreover, it is the defendant's position that because this order increased the penalty which had previously been imposed, he

should have been present in open court at the time the March 17th order was issued. Finally, the defendant asserts that the September 9th order reducing the sentence was unambiguous and thus the trial court was incorrect in relying upon Rule 36 of the Federal Rules of Criminal Procedure and relevant case law to correct what the court perceived as an ambiguity in the order of September 9th. We agree with the defendant that the September 9th order was unambiguous and hold that it merely reduced the defendant's term of incarceration and did not mention the fine and costs and thus left them in a status quo position, unchanged and unaltered.

Initially, we address the defendant's argument that Judge McNagny's September 9th order relieved him (Niemiec) of his liability for the $3,000.00 fine and court costs. We address this issue first for if the September 9th order only reduced the defendant's prison sentence and if the order left intact the original $3,000.00 fine and costs, we need not reach the defendant's arguments that he was subjected to double jeopardy and should have been present in court when the new order of March 17th was issued.

In his motion for reduction of sentence, the defendant moved as follows:

> "Defendant, Walter A. Niemiec, *sentenced* on April 27, 1979, for a term of one (1) year, and *fined* in the sum of Three Thousand Dollars ($3,000.00) for violation of Title 18, Section 1623, of the United States Code, moves for a reduction of his *sentence* to a term of one (1) year and a day, or that the remainder of his *sentence* be suspended and defendant placed on probation...." (Emphasis supplied)

The above quoted motion for reduction of sentence makes no reference to a request for cancellation or reduction of the fine and court costs imposed in the original judgment and commitment order. Moreover, in the September 9th order granting the defendant's motion for reduction of sentence, Judge McNagny found it would be in the interest of justice to grant the defendant's

motion for a reduction in his term of commitment because of the defendant's health problems. The judge recited that the time of incarceration *only* should be reduced and reasoned that because of the defendant's multiple and serious health problems the "remainder of the defendant's sentence of imprisonment [was] suspended." The defendant did not request a reduction of the fine and court costs in the moving motion papers, and nowhere in his order of September 9th does Judge McNagny even mention the $3,000.00 fine and costs originally imposed by Judge Eschbach. Because the defendant requested a reduction of his *sentence* of confinement and did not mention or request a reduction of the fine and/or costs imposed by Judge Eschbach, nor did the court, *sua sponte*, address the issue, the question of the fine and costs was not before the court. Since neither the defendant's motion nor the September 9th order reducing the defendant's sentence of commitment mention or discuss the reduction of the $3,000.00 fine and costs, we hold that the question of the defendant's original fine plus costs was not properly before the court and therefore the fine and costs were not affected by Judge McNagny's September 9th ruling. Thus, at no time did Judge McNagny set aside or reduce the fine or court costs originally imposed by Judge Eschbach.

Initially, it should be noted that the defendant does not challenge Judge Eschbach's original sentence. Indeed, it is obvious that Judge Eschbach's original sentence, agreed upon by Judge McNagny, of a period of incarceration of one year and a $3,000.00 fine plus costs is patently inconsistent with the defendant's position that Judge McNagny had intended to reduce his fine and costs as well as his term of incarceration in the order of September 9th. The defendant further alleges that Judge McNagny abused his discretion when he relied upon Rule 36 to amend the September 9th order. The defendant contends that the September 9th order was clear and unambiguous and not only reduced the defendant's term of imprisonment but also relieved him of the obligation of paying the

fine and costs and therefore Rule 36 does not apply. In light of the fact that we hold that Judge McNagny's order reducing the defendant's sentence of confinement had no effect upon and did not set aside the $3,000.00 fine and costs, we hold the defendant's position is without merit.

In reducing the defendant's original term of confinement, Judge McNagny relied upon Rule 35 of the Federal Rules of Criminal Procedure which states:

> "The court may reduce a sentence within 120 days after it is imposed.... Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision."

Thereafter, the trial court was informed that the defendant refused to pay the fine of $3,000.00 and costs, and the court amended its previous order to clarify the fact that the earlier order had not been intended to reduce the $3,000.00 fine and costs. In amending the previous order, Judge McNagny simply recited the original fine and costs imposed by Judge Eschbach at the time of sentencing. At that time Judge Eschbach recited that Judge McNagny agreed with the sentence of confinement and additional court costs and disbursements imposed. Indeed, in his December 14th order, Judge Lee stated that "neither of the defendant's motions for reconsideration present any reason why the defendant should be relieved from his fine," in effect noting that the question of the fine and costs was never before the court. Moreover, in the September 9th order, Judge McNagny expressly stated that the term of incarceration was reduced only because of Niemiec's health problems, problems which have nothing to do with the fine and costs.

In the December 14th order Judge Lee denied the defendant's motion to correct the March 17th order, reasoning that supplementing the original order reducing the defendant's sentence was permissible under Rule 36 of the Federal Rules of Criminal Procedure. Rule 36 provides as follows:

"Clerical mistakes in judgments, orders or other parts of the record *and errors of the record arising from oversight or omission* may be corrected by the court at any time...." (Emphasis supplied)

Judge Lee further relied upon *Fitzgerald v. United States,* 296 F.2d 37 (5th Cir. 1969), for the proposition that a trial court may revise a commitment order where the judge recites the order was inconsistent with the court's intent at sentencing. In *Fitzgerald,* the defendant was sentenced to seven years in prison for violations of the National Motor Vehicle Theft Act. Thereafter, he was conditionally released, and while on probation was convicted of interstate transportation of a forged check, and was sentenced to one year and one day in prison. The defendant was then returned to the custody of the Attorney General as a conditional release violator and began serving the remainder of the original seven-year sentence. The one year and one day sentence on the forgery conviction was not to commence until the "expiration of, or legal release from, sentence said defendant is now serving." Some nine months later, the defendant was convicted, on a separate charge, of the interstate transportation of a forged check, and was again sentenced to "one (1) year and one (1) day to run consecutively with the sentence or sentences defendant is now serving." When the defendant was advised that he would be required to serve the two forged check sentences consecutively (making a total of two years and two days) he petitioned the court for a correction of his sentence, arguing the sentences should run concurrently. The district court, relying on Rule 36, amended the commitment order so that it would read:

"One (1) year and one (1) day to run consecutively with the sentence or sentences defendant is now serving or to be served pursuant to any and all previously imposed sentences."

The defendant in *Fitzgerald* contended, as does the defendant herein, that the district court erred in amending its order because there was no ambiguity in the original order of commitment and the amended order illegally increased the previously imposed sentence. The Fifth Circuit disagreed, ruling:

"Thus, the court here was amply authorized to correct the commitment order by resolving the ambiguity, and the amendment did not result in increasing the sentence of appellant....

It is clear that the court by the amendment merely rendered its original intention beyond dispute. The law does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."

*Fitzgerald,* 296 F.2d at 38–39 (citation omitted). Other courts have followed this general rule and have allowed the amendment of an order of commitment so that the order more clearly reflects the judge's intent, where, as here, the amendment does not increase the sentence previously imposed, but merely recites and reaffirms the sentence originally imposed. *See United States v. Stevens,* 548 F.2d 1360 (9th Cir.), *cert. denied,* 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977); and *Aga v. United States,* 312 F.2d 637 (8th Cir. 1963). *See also,* 8A Moore's Federal Practice ¶ 36.02 at 36–2.

In the instant case, on March 17, 1981, Judge McNagny amended the September 9, 1980 order in order to conform with the court's intention to reduce only the defendant's term of confinement as the question of the fine and costs was not before the court. On December 14, 1981, while citing Rule 36 and *Fitzgerald,* Judge Lee denied the defendant's motion to change the March 17, 1981 order or, in the alternative, to set aside the defendant's fine and costs. The denial of a Rule 35 motion for reduction of sentence or a Rule 36 motion to correct is within the discretion of the trial court and "the decision of the district court will be set aside only if the trial court abused its discretion." *United States v. Dawson,* 642 F.2d 1060 (7th Cir. 1981). From our examination of the record, including Judge Lee's order denying the defendant's motion, it is clear that he examined the entire record, *see generally LaClair v.*

*United States,* 303 F.2d 602, 604 (7th Cir. 1962), and clearly articulated his reasoning for denying the same.

Judge Lee recited a number of factors which clearly demonstrates that Judge McNagny never intended to relieve the defendant Niemiec from his obligation to pay the fine and costs imposed by Judge Eschbach. In Judge Lee's December 14th order, he stated as follows:

"First, in its March 17th order, the court expressly stated that it did not intend to relieve the defendant from paying these costs. Second, the September 9th order only allows suspension of the 'sentence of *imprisonment*' greater than six (6) months and makes no mention whatsoever of the fine and court costs. Finally, the defendant based his motion for reduction on his failing health and the need for medical treatment not available to him while he was incarcerated. Neither of the defendant's motions for reduction [of confinement] present any reason why the defendant should be relieved from his fine. Therefore, the court did not intend to free the defendant from payment of fine and court costs in its September 9th order."

Therefore, since the defendant neither requested nor petitioned the court to reduce the $3,000.00 fine and costs, the matter was not properly before the court and thus not discussed by the court in the order of September 9th. Because the court has clearly articulated its reasoning for reducing only the defendant's period of incarceration, we hold that the trial court did not abuse its discretion in denying the defendant's motion to set aside the fine and costs and the decision of the trial court is therefore AFFIRMED, and the defendant is ordered to pay the $3,000.00 fine and costs forthwith.