**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto ROPER, Defendant–Appellant.**

No. 03–3630.

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 2003.

Linda M. Betzer, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, Roger S. Bamberger, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Roberto Roper, Lisbon, OH, for Defendant–Appellant.

Before: SILER and GILMAN, Circuit Judges; and BANNING, District Judge.*

*ORDER*

Roberto Roper appeals a district court judgment that denied his motion to correct his federal criminal sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the district court in 1993, Roper was convicted of conspiracy to distribute cocaine, making a false statement to obtain a firearm, felon in possession of a firearm, making a false statement to obtain a passport, and two counts of laundering money. The district court calculated Roper's total offense level as 40 and his criminal history category as IV, with a sentencing guideline range of 360 months to life imprisonment. The district court entered its judgment which reflects a sentence of 360 months of imprisonment, although the original transcript of the sentencing hearing indicates that the court stated that it was imposing a sentence of only 260 months. This court affirmed Roper's convictions and sentence on appeal. *United States v. Roper*, No. 93–3592, 1994 WL 246068 (6th Cir. June 7, 1994). This court also indicated that Roper was sentenced to 260 months of imprisonment. *See Roper*, at *4. In 1997, Roper filed a motion for relief from judgment in the trial court pursuant to 28 U.S.C. § 2255, which that court denied. In 2001, Roper filed a motion for an order authoriz-

---

* The Honorable David L. Banning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ing the district court to consider another § 2255 motion, which this court denied. About one year later, an amended transcript of Roper's sentencing hearing was filed in the district court, which reflects that the court stated that it was imposing a sentence of 360 months of imprisonment.

Next, Roper filed the instant motion for correction of judgment in the district court, asserting that, where there is a discrepancy between an oral pronouncement of sentence and the written judgment, the oral pronouncement controls. After the government responded in opposition to the motion, the district court denied Roper's motion. Roper's reply to the government's response in opposition to his motion was not filed until after the district court denied the motion. Roper then filed a timely notice of appeal.

On appeal, Roper reiterates his assertion that the court's oral pronunciation of sentence of 260 months is binding in this case. The government responds that the record accurately reflects the district court's correct sentence of 360 months of imprisonment. Upon consideration, we conclude that the district court did not abuse its discretion in denying Roper's motion essentially for the reasons stated by the district court in its memorandum of opinion and order filed April 8, 2003. *See United States v. Niemiec,* 689 F.2d 688, 691–93 (7th Cir.1982).

Generally, when a clear discrepancy exists between an orally imposed sentence and the written judgment, the oral sentence controls. *United States v. Cofield,* 233 F.3d 405, 406–07 (6th Cir.2000) (citing *United States v. Schultz,* 855 F.2d 1217, 1225 (6th Cir.1988)). A clerical mistake may be corrected by the district court at any time pursuant to Fed.R.Crim.P. 36. *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990). Here, the district court properly denied Roper's motion to correct judgment because the judgment accurately reflects the district court's sentence.

First, it is noted that the joint appendix contains a copy of a letter from the court reporter to Roper in which the reporter explains that the reference to a 260–month sentence was her typographical error and that the judge actually said "360 months" at the hearing. However, the letter is not contained in the district court record; therefore, the letter should not have been included in the joint appendix. *See* Fed. R.App. P. 10(a) & 30(a)(1); Rule 30(b) & (f)(1)(F), Rules of the Sixth Circuit. Nonetheless, the record otherwise plainly reflects that the reference in the transcript to a 260 month sentence was a clerical error.

The calculations in the sentencing transcript show that the sentencing guidelines resulted in a minimum sentence of 360 months. A 260–month sentence would have constituted a major downward departure from the guidelines clearly not contemplated by the court, and the court correctly noted Roper's 360–month sentence in its judgment. Further, Roper cited his correct sentence of 360 months both in his motion to vacate sentence filed in the district court and in his subsequent motion for an order authorizing the district court to consider another § 2255 motion. In his belated reply to the government's response to the instant motion, Roper admitted that "the sentence of Three–Hundred Sixty (360) months is correct," but asserted that the clerical error was binding. Finally, the amended transcript of Roper's sentencing hearing reflects that the court sentenced Roper to 360 months of imprisonment. Under these circumstances, the district court did not abuse its discretion in denying Roper's motion.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.