

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2006

# USA v. Polanco

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2532

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Polanco" (2006). *2006 Decisions.* Paper 291.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/291

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2532
_____

UNITED STATES OF AMERICA

v.

AQUILE POLANCO,
a/k/a WILLIAM
a/k/a CHAMACO

Aquile Polanco,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 01-cr-00031)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

Before:  MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT JUDGES.</u>

(Filed October 26, 2006)

_____

OPINION
_____

PER CURIAM

Aquile Polanco appeals the District Court's denial of his motion to correct a

clerical error under Fed. R. Crim. P. 36. For the following reasons we will affirm.

In 2001 Polanco pled guilty to two drug offenses, for which he was sentenced to, inter alia, 124 months' imprisonment and 20 years' supervised release. At sentencing the court initially stated that "a term of supervised release in this kind of activity should be 20 years," tr. at 17, but went on to say that "[u]pon release from imprisonment, the defendant shall be placed on supervised release for a term of five years." Tr. at 19. The court then corrected itself, saying: "Now, I just want to be sure that the supervised release term was for 20 years. And, I want to be sure that that's the sentence that I have imposed in this case." Tr. at 21. Accordingly, the judgment and commitment order reflect a term of 20 years' supervised release. This Court affirmed Polanco's sentence.

Polanco then unsuccessfully sought collateral relief via 28 U.S.C. § 2255. While his request for a certificate of appealability was pending in this Court, he filed a motion in the District Court to correct a clerical error via Rule 36. He argues that the judgment and commitment order increased the term of supervised release from five to 20 years and that the District Court lacked jurisdiction to do so because more than seven days had passed since it imposed sentence. The District Court denied the motion. This appeal followed.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Evidently we have yet to articulate the standard of review for the denial of a Rule 36 motion. Although there is disagreement among the courts of appeal (see, e.g., United States v. Niemiec, 689 F.2d 688 (7th Cir. 1982) (abuse of discretion); United States v. Dickie, 752 F.2d 1398 (9th Cir. 1985) (clearly erroneous)), we need not resolve that issue here because under any available standard we would affirm.

Polanco focuses on the portion of the sentencing transcript where the District Court appeared to impose five years of supervised release, conveniently ignoring the passages flanking it where the court made it clear that Polanco should receive 20 years' supervised release. It is plain that the court meant to impose 20 years' supervised release rather than five and, thus, that the judgment and commitment order contains no clerical error in that regard. Accordingly, we will affirm the order of the District Court.