**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4485
_____

UNITED STATES OF AMERICA

v.

RICARDO BROWN,
a/k/a Richard Anthony Brown
a/k/a Munch,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-10-cr-00140-001)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2013

Before:   CHAGARES, VANASKIE and SHWARTZ, *Circuit Judges*

(Filed: December 6, 2013)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Appellant Ricardo Brown pleaded guilty to armed bank robbery pursuant to a

written plea agreement that stipulated that his sentence would include a requirement that

he make restitution to his victims "in such amounts, at such times, and according to such terms as the Court shall direct." More than one year after sentencing, Brown moved under Rule 36 to correct a clerical error in the judgment, claiming that the District Court mistakenly imposed inappropriately onerous terms of restitution by directing that 50% of all funds obtained by Brown while incarcerated be applied towards his restitution obligation. The District Court denied the motion. Because we agree with the District Court that no clerical error occurred, we will affirm.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

On July 21, 2010, Brown was indicted by a grand jury on five counts stemming from an alleged armed bank robbery. On April 11, 2011, Brown pleaded guilty to Count 3, armed bank robbery, pursuant to a Rule 11(c)(1)(C) plea agreement.[1] In pertinent part, the agreement stated:

> 3. [Brown] will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.
>
> . . . .
>
> 5. If the Court imposes a fine or restitution as part of a sentence of incarceration, Ricardo Brown agrees to participate in the United States Bureau of Prisons' Inmate

---

[1] Under Fed. R. Crim. P. 11(c)(1)(C), such an agreement "binds the court once the court accepts the plea agreement."

> Financial Responsibility Program, through which 50% *of his prison salary* will be applied to pay the fine or restitution.

App. 95 (emphasis added). During the plea colloquy, the government observed that, under the plea agreement, Brown agreed that he would "participate in the BOP's inmate financial responsibility program, through which *a portion of his prison salary* will be applied to pay the fine or restitution." App. 37 (emphasis added).

The District Court accepted the plea agreement and sentenced Brown to 131 months and 19 days imprisonment, three years of supervised release, a special assessment of $100, and restitution in the amount of $169,520.34. In imposing the restitution obligation, the District Court stated that it was ordering that "50 percent *of all funds obtained by the Defendant while incarcerated* shall be applied toward restitution." App. 69 (emphasis added). No objection to this requirement was interposed during the sentencing proceeding. Consistent with the District Court's oral pronouncement at sentencing, the written judgment, entered on August 18, 2011, provided that "50 percent of all funds obtained by the defendant while incarcerated shall be applied toward restitution." App. 6.

On November 16, 2012, more than one year after the sentence was imposed, Brown filed a motion to correct a clerical error in the restitution order pursuant to Rule 36 of the Federal Rules of Criminal Procedure.[2] Specifically, Brown contended that the judgment erroneously directed that 50% of all funds obtained by him while incarcerated

---

[2] The government argues that the plea agreement contained a waiver of appeal that foreclosed both the Rule 36 motion itself and this appeal. In light of our disposition of the appeal on the merits, we need not decide the applicability of the waiver provision.

3

would be applied to his restitution obligation, rather than only 50% of any salary earned by him while in prison. The District Court denied the motion on November 27, 2012, finding that no clerical discrepancy existed between the Court's oral pronouncements at sentencing and the sentence as recorded.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.[3]

The standard of review for denial of a Rule 36 motion is undecided in this Circuit and unsettled elsewhere. *See, e.g.*, *United States v. Niemiec*, 689 F.2d 688, 692 (7th Cir. 1982) (applying an "abuse of discretion" standard); *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (applying a "clear error" standard). We will not resolve that question here because we conclude that Brown is not entitled to relief under either standard.

The essence of Brown's claim is that under the terms of his plea agreement, the District Court was obligated to impose a sentence ordering Brown to pay no more than 50 percent of his prison salary in restitution. He contends that at sentencing, the District Court mistakenly ordered Brown to pay "50 percent of all funds obtained . . . while

---

[3] The government contends that we should decline to exercise jurisdiction because Brown was obligated to seek administrative relief from the Bureau of Prisons ("BOP") before filing his Rule 36 motion. *See* 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Here, the BOP is accurately administering the sentence as ordered. Brown seeks modification of the underlying sentence, over which the BOP has no control.

incarcerated," which in practice has resulted in what Brown considers the unjust garnishment of funds sent by family members to Brown from outside prison. Brown suggests that this added burden was completely unintended by the Court or the parties.

Relief under a Rule 36 motion is limited to "the correction of *clerical* errors in the judgment." *United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005). A clerical error is "a failure to accurately record a statement or action by the court or one of the parties." *Id.* at 277–78 (citations omitted). A Rule 36 motion is not an appropriate means to correct "substantive errors in the sentence." *Id.* at 278.

Here, as the District Court observed, neither the court reporter nor the clerk made a clerical error in recording the Court's oral pronouncement that 50% of all funds obtained by Brown while incarcerated shall be applied toward restitution. Nor is there any indication that the district judge simply misspoke while reading the sentence. The District Court was thus correct to deny Brown's Rule 36 motion.

Brown comingles his "clerical error" argument with the somewhat different proposition that he is entitled to relief because the District Court's purported deviation from the text of the Rule 11(c)(1)(C) plea agreement, whether clerical in nature or not, was illegal as a matter of law. As noted above, this is precisely the sort of substantive attack on a sentence that should have been raised on direct appeal and not by way of a Rule 36 motion.

Even if the claim could be brought by way of a Rule 36 motion, we conclude that the imposed sentence did not deviate from the written plea agreement—the sentencing judge was entitled to set the terms of restitution precisely as he did. Specifically,

5

Paragraph 3 of the plea agreement dictated that Brown pay "mandatory restitution . . . in such amounts, at such times, and according to such terms as the Court shall direct." App. 95. Paragraph 5 provided further specification: "If the Court imposes a fine or restitution . . . Ricardo Brown agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution." *Id.* Paragraph 5 thus acted as a floor for the minimum amount that Brown would pay, but did not constrain the District Court in any other way.

In light of the above, we conclude that the District Court did not commit clear error or an abuse of discretion in its denial of Brown's Rule 36 motion. The record establishes that there simply is no unambiguous error in the sentence, clerical or otherwise, to correct.

III.

For the foregoing reasons, we will affirm the District Court's judgment.