ALD-213                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4111
_____

UNITED STATES OF AMERICA

v.

OMAR REINA
aka FERNANDO DIAZ
aka PAISA


Omar Reina,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:08-cr-00262)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Dismissal for Lack of Jurisdiction and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 1, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Omar Reina appeals pro se from the District Court's order denying his "Petition to Correct Simple Clerical Errors to Petitioner's Judgment and Commitment Order Pursuant to the Federal Rules of Criminal Procedure Rule 36 as to Omar Reina" (the "Petition"). Because the appeal presents no substantial question, we will summarily affirm the District Court's order.

**I.**

In 2008, Reina pleaded guilty to four counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). On November 12, 2008, at the sentencing hearing, the District Court sentenced Reina to 151 months of imprisonment and three years of supervised release. Reina appealed, and we affirmed the judgment of conviction and sentence. See C.A. No. 08-4591.

The District Court's Judgment and Commitment Order (the "Judgment") provides that: "[u]pon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years. The supervised release shall run consecutively to the sentence in Criminal Number 08-30.[1] In 2013, three years after the Judgment was affirmed, he filed his Petition, in which he asserts that the Judgment contains a clerical error. While not entirely clear, Reina appears to have asserted that the second sentence of the Supervised Release provision ("The supervised release shall run consecutively to the

---

[1] In 2000, Reina was deported after serving a 60-month sentence for distributing cocaine. He illegally reentered the United States thereafter, and was indicted in the District Court for violation of 8 U.S.C. §§ 1326(a) and (b)(2). E.D. Pa. Crim. No. 08-cr-00030. Reina pleaded guilty to these charges in February 2008, and was sentenced to 70 months of imprisonment and three years of supervised release. Reina appealed, and we affirmed the District Court's judgment and sentence. See C.A. No. 08-2417.

sentence in Criminal Number 08-30") should be omitted, as his sentence in Criminal Number 08-30 expires prior to his sentence in this case.

On September 12, 2013, the District Court denied Reina's petition, noting that the transcript of the sentencing hearing confirms that the Judgment accurately reflects the sentence imposed. On October 9, 2013, Reina appealed.

**II.**

As the 14-day period for filing a notice of appeal in a criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010), and as the Government has not objected, we turn to the merits of this appeal. Id. at 329; see also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and may affirm the District Court's order on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).[3]

**III.**

---

[2] Reina filed his notice of appeal 27 days after the District Court denied his petition. To be timely, a defendant's notice of appeal in a criminal case must be filed in the District Court no later than 14 days after the challenged order is entered. Fed. R. App. P. 4(b)(1)(A). In response to the Clerk's listing of this appeal for possible dismissal due to jurisdictional defect, Reina filed a letter stating that the delay was caused by his originally sending his appeal to the wrong address. We need not address whether this would be sufficient cause to excuse Reina's late filing.

[3] We have not established in this Circuit the standard for review of Rule 36 motions. Although there is some disagreement among the circuits, see, e.g., United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982) (abuse of discretion); United States. v. Burd, 86 F.3d 285, 287 (2d Cir. 1996) (de novo), we need not resolve that issue today because we would affirm under any available standard.

Rule 36 provides that "the court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." A clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." U.S. v. Guevremont, 829 F.2d 423, 425 (3d Cir. 1987) (quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)). As we have explained, "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005).

In his Petition, Reina asserted that the sentence in question was unnecessary, due to his sentence in Criminal No. 08-30 expiring prior to the beginning of his supervised release in this case, and that therefore the sentence must have been added by the Clerk's Office. However, the District Judge, at the sentencing hearing, specifically stated that "[u]pon release from imprisonment, defendant shall be placed on supervised release for a term of three years. The term of supervised release is to run consecutively to the sentence in Criminal Number 08-30." This language, with minor stylistic revisions, is the same language as that contained in the Judgment. In other words, no clerical error exists. Further, as Reina himself conceded, this inclusion of this language does not disturb his underlying sentence. Accordingly, the District Court properly found that the Judgment accurately reflects the sentence imposed. See Id.

As this appeal presents us with no substantial question, and we will summarily affirm the District Court's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.