[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13750
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00892-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK CARRIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Carrie, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to correct his judgment under Fed.R.Crim.P. 36. He argues that his written judgment, originally entered in 2004, conflicts with the oral pronouncement of his total sentence, and should be corrected to reflect a modification and sentencing credit under U.S.S.G. § 5G1.3(b). In the alternative, he argues that because he pled guilty based, in part, on a promise that he would receive the sentencing credit he now seeks, he is entitled to specific performance.

We review *de novo* a district court's application of Rule 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. However, Rule 36 cannot be used "to make a substantive alteration to a criminal sentence." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003). Rule 36 is the appropriate remedy to correct clerical errors that cause the written judgment to differ from the oral pronouncement of sentence. *See United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000) (remanding to correct written judgment stating supervised release was three years, when the court had unambiguously pronounced it to be five years).

The Former Fifth Circuit addressed situations similar to the one presented here, albeit under a predecessor version of the rule. In *Fitzgerald v. United States*,

2

296 F.2d 37 (5th Cir. 1961), the appellant was given a sentence of one year and one day in Georgia, which was to run consecutive to a sentence he was already serving in North Carolina. *Fitzgerald*, 296 F.2d at 37. He was then given another sentence of one year and one day, this time in Florida, and it was set to "run consecutively with sentence or sentences said defendant is now serving." *Id*. at 37-38. After being told he would have to serve the Georgia and Florida sentences consecutively, the appellant filed a petition contending that the two sentences should run concurrently. *Id*. at 38. The district court judge who imposed the Florida sentence heard the petition, dismissed it, and amended the commitment order so that it read that the sentence was to "run consecutively with the sentence or sentences defendant is now serving or to be served pursuant to any and all previously imposed sentences." *Id*. On appeal, the Fifth Circuit determined that Rule 36 authorized the district court to correct the commitment order to resolve the ambiguity, especially because the amendment did not alter the sentence but "merely rendered its original intention beyond dispute." *Id*. at 38-39.

More recently, in *United States v. Whittington*, 918 F.2d 149 (11th Cir. 1990), we dealt with an appellant whose plea bargain agreement provided that he would serve exactly five years in prison regardless of Parole Commission guidelines. *Whittington*, 918 F.2d at 150. The district court then sentenced the appellant to a maximum of 60 months' imprisonment. *Id.* When the Parole

3

Commission scheduled the appellant's release after just three years served, the government filed an emergency motion to correct the district court's order, and the district court ordered that the sentence be corrected to read that the appellant should be sentenced to a minimum of 60 months *and* a maximum of 60 months. *Id*.(emphasis added).  We held that the district court erred by using Rule 36 to fundamentally alter the defendant's sentence from three to five years' imprisonment in an attempt to conform the sentence to the intention of the parties as reflected in the plea agreement.  *Id*. at 151.

At the time of Carrie's sentencing in 2004, commentary to § 5G1.3 stated that if subsection (b) applied, and the court adjusted the sentence for time served, the court should note §5G1.3(b) on the order, along with: (i) the amount of time the sentence was being adjusted; (ii) the undischarged term for which the adjustment was given; and (iii) the fact that the sentence imposed is a sentence reduction for a period of imprisonment that will not be credited by the BOP.  U.S.S.G. § 5G1.3, comment. (n.2(A)(C)) (2003).

The district court did not err in denying Carrie's motion, because the relief sought was beyond the scope of Rule 36.  Carrie asked the district court at his sentencing in 2004 to follow the commentary to § 5G1.3 by mentioning that provision and subtracting the number of months it intended to credit him from his total sentence.  The district court declined to do so, stating that it would make its

4

intentions known through stating that credit should be given from February 21, 2001. Thus, this case is factually distinguishable from *Fitzgerald*, because the district court there was not presented at sentencing with the argument that ambiguity could arise from the wording of its order, so the ambiguity could have been construed as a clerical error. *See Fitzgerald*, 296 F.2d at 37. Here, however, the district court made clear that it did not intend to subtract the credited months from Carrie's total sentence or mention § 5G1.3 in its written judgment, so the omission of those things from the written judgment could not be considered a "clerical error," and therefore could not be remedied by Rule 36. Fed.R.Crim.P. 36. The district court here was presented with a situation more akin to *Whittington*, where Rule 36 could not be used as a means to alter a sentence's length, even after it became clear that the court's intentions would not be followed. *See Whittington*, 918 F.2d at 151. In sum, the district court did not err by refusing to mention § 5G1.3 or subtract months from a total sentence after the fact, because doing so would have been a substantive alteration of a sentence, which is not Rule 36's purpose. *Pease*, 331 F.3d at 816.

Additionally, because Carrie did not raise his specific performance claim before the district court in the present case, and Rule 36 did not authorize the district court to entertain such a claim in any event, the district did not err, or plainly err, in that respect.

5

Because Rule 36 could not provide the relief sought, the court did not err in denying Carrie's motion.  Accordingly, we affirm.

**AFFIRMED.**