NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 28, 2014
Decided August 1, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-3564

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:07-cr-30179 |
| CARL A. COURTRIGHT, III, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

### O R D E R

Carl Courtright was convicted in 2009 of production, possession, and receipt of child pornography and sentenced to life plus ten years in prison.[1] The sentencing court also imposed several financial penalties, ordering Courtright to pay a Special Assessment of $500, a fine of $1500, and $3100 in restitution. It described all three as "due immediately," but later stated that all financial penalties imposed by the judgment were to be paid "in equal monthly installments

---

[1]We affirmed his conviction on direct appeal. *United States v. Courtright*, 632 F.3d 363 (7th Cir. 2011).

of $50 or 10 percent of [Courtright's] net monthly income, whichever's greater, over a period of 102 months, to commence 30 days after release from prison to a term of supervision." The written judgment resolved this by stating that "any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release" was to be paid in accordance with the payment plan outlined at sentencing. Pursuant to the written judgment, the Bureau of Prisons began attempting to collect the fine from Courtright. It imposed a payment plan on Courtright, and threatened administrative penalties—such as lower pay, restricted spending, and ineligibility for certain jobs—if he did not comply.

Courtright filed a motion with the district court, asking it to exercise its authority under Federal Rule of Criminal Procedure 36 to correct what he describes as a "clerical error" in the written judgment. Specifically, he asked the court to remove the phrase "and that remains unpaid" from the written judgment, as it implied that he should be making payments while in prison. He argued that this was inconsistent with the court's oral pronouncement of sentence, which described a payment plan that was to begin 30 days after his release from prison. The district court denied the motion, because after reviewing Courtright's judgment and the transcript of the sentencing hearing, it found the written judgment to be correct. Courtright appeals this denial, arguing that the district court abused its discretion in refusing to correct the error and that its refusal to do so demonstrates malice on the part of the court.

We typically review a district court's denial of a Rule 36 motion to correct a clerical error for abuse of discretion. *United States v. Niemec*, 689 F.2d 688, 692 (7th Cir. 1982). But we don't think the purported discrepancy is truly a clerical error—i.e., a clerk's failure to accurately record the sentence pronounced from the bench in open court. *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006). The sentence pronounced from the bench was ambiguous, at times anticipating that Courtright would pay fines immediately and at times anticipating that he would not pay until released from prison. In such a case, we have held that the written judgment can correct those discrepancies. *United States v. Daddino*, 5 F.3d 262, 266 (7th Cir. 1993) (noting that, although typically the oral sentence controls when there is a conflict between the written and oral sentences, a written sentence can serve to correct ambiguities in the oral sentence). The written judgment anticipates that Courtright will make payments while in prison, and the district judge confirmed that this was the proper interpretation of his oral statement when he denied Courtright's Rule 36 motion. This is the logical interpretation of the court's oral sentence, as Courtright was sentenced to life plus ten years in prison; were he not to pay until his release, it is unlikely he would pay anything at all. We therefore AFFIRM the district court's denial of Courtright's motion to correct his sentence.