**CLD-066**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3697
_____

UNITED STATES OF AMERICA

v.

JERMAINE CLARK,
also known as FAT

Jermaine Clark,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 3-97-cr-00371-001)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2016

Before:  FISHER, SHWARTZ and BARRY, Circuit Judges

(Opinion filed December 14, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Jermaine Clark appeals the District Court's denial of his motion pursuant to Fed. R. Crim. P. 36 to correct a clerical error in his 2009 judgment and commitment order.[1]  For the reasons that follow, we will summarily affirm the judgment of the District Court.

In 1997, Clark pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(d) and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  He was sentenced to 120 months of imprisonment with five years of supervised release to follow.  In 2008, when he was out on supervised release, Clark was arrested on Pennsylvania state charges.  In 2009, the District Court found Clark in violation of the terms of his supervised release and sentenced him to a term of imprisonment of 36 months, to be served consecutively to any state sentence, with no supervised release to follow.  In September 2016, Clark filed his Rule 36 motion, alleging that the 2009 criminal judgment was illegal.[2]  The District Court denied the motion, and Clark timely appealed.

Rule 36 provides that "the court may at any time correct a clerical error in a judgment . . . arising from oversight or omission."  A clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the District Court's denial of the Rule 36 motion for abuse of discretion. United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999); United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982).

[2] Clark specifically argued that the 2009 criminal judgment was illegal because it was not until the Supreme Court's decision in Setser v. United States, 132 S. Ct. 1463 (2012), that district courts were vested with the authority to order that a federal sentence run consecutively to a yet-to-be imposed state sentence.  It is unclear to us why Clark believes Setser had only prospective effect.

amanuensis might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987) (quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)).  As we have explained, "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005).

In his motion, Clark did not allege that there was a disparity between the 2009 written judgment of sentence and the oral sentence pronounced by the judge.  Rather, he argued that his sentence was "illegal" because the District Court lacked the authority to order that he serve his 36-month federal sentence for the supervised release violation consecutively (as opposed to concurrently) to his state sentence.  This argument, which attacks the validity of his sentence, is unrelated to clerical error.  As the District Court noted, Clark's claim would be properly brought in a motion filed pursuant to 28 U.S.C. § 2255.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Accordingly, the District Court was correct to deny the Rule 36 motion.

Because no "substantial question" is presented, we will summarily affirm the judgment of the District Court.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.