**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William WHITTINGTON,
Defendant–Appellant.**

**No. 90–5452
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 27, 1990.

William Whittington, Ft. Lauderdale, Fla., pro se.

Milton M. Ferrell, Jr., Ferrell, Fertel, Rodriguez & Mishael, P.A., Mily Rodriguez, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Linda Collins Hertz, Asst. U.S. Atty., for plaintiff-appellee.

Before JOHNSON, HATCHETT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The appellant in this case, William Marvin Whittington, appeals the district court's decision to increase his sentence one month prior to his scheduled release from prison. We reverse.

*Background*

Pursuant to a plea bargain on charges of importing multiple tons of marijuana and evading income tax, the district court sentenced appellant in 1986 to, *inter alia,* 180 months' imprisonment. The plea bargain agreement provided that appellant would actually serve five years (no more; no less), regardless of Parole Commission guidelines. An Addendum to the agreement provided that the district court would reduce appellant's sentence pursuant to Fed.R.Crim.P. 35 (correction/reduction of sentence) if the Parole Commission established a release date of more than sixty months, and appellant waived "release if set by the guidelines at less than sixty (60) months." (Record on Appeal, 1:12, adden-

dum.) In fact, the Parole Commission initially established that appellant's presumptive time in prison would be twice as long as the plea agreement called for. After a series of motions, the district court held a hearing on June 19, 1987, to reconsider its decision to correct the sentence under Rule 35, which was originally entered May 27, 1987.

At the hearing, the district court determined that appellant's sentence should be reduced to a maximum of sixty months imprisonment, in accordance with the plea bargain. The government objected, arguing that the Parole Commission would then release appellant after two-thirds of sixty months had been served. The government maintained that, in order to enforce the intent of the plea bargain, appellant had to be sentenced to more than sixty months: the Parole Commission normally reduces sentences of imprisonment by one-third. Appellant responded that, because he had been sentenced under 18 U.S.C. § 4205(b) (eligibility for parole), the Commission could release him at any time, regardless of the Court's sentence. Appellant further argued that the Parole Commission would have before it the plea agreement and other court documents indicating that it was the intent of the parties that appellant should serve the entire sixty month sentence. The district court agreed with appellant, indicating that he understood that the Parole Commission could release appellant at any time but that appellant's sentence should nevertheless be reduced to a maximum of sixty months in accordance with the plea agreement. (*See* Transcript of June 19, 1987, hearing in *Record Excerpts*.)

The government did not appeal this ruling or seek mandamus (as required by Eleventh Circuit precedent). *United States v. Dean*, 752 F.2d 535, 545–46 (11th Cir.1985). However, three years later, on April 3, 1990, the government filed an emergency motion to correct the district court's 1987 order. This motion was pursuant to Fed.R.Crim.P. 36 (correction of cleri-

cal errors). Apparently, the government had learned that the Parole Commission had scheduled appellant's release for May 22, 1990. The government advised the court that appellant would be released prior to the expiration of the agreed-upon five years' imprisonment. The next day the district court ordered that appellant's sentence be corrected to read "Defendant WILLIAM WHITTINGTON's sentence is hereby reduced to a minimum of sixty (60) months and maximum of sixty months incarceration." After a further motion by the government, on May 3, 1990, the district court entered another order, requiring that appellant's sentence be "reduced to a period of incarceration not to exceed seven (7) years nine (9) months and twenty-one (21) days." Appellant is currently incarcerated, hence the expedited nature of this appeal.

## Arguments of the Parties

The issue this case raises—whether the district court had jurisdiction to *increase* appellant's sentence three years after imposition—seems to be novel in the federal courts. Appellant argues that Rule 36 is only applicable to clerical mistakes, not to matters of substance. The text of the rule is as follows: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Interpreting Rule 36, the Ninth Circuit has held that its provisions do not permit a court to make a substantive change in the period of incarceration. *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir.1984). *Kaye* notes that an analogous civil provision, Fed.R.Civ.P. 60(a), relating to the correction of clerical mistakes, is concerned only with "mistakes which do not really attack the party's fundamental right to the judgment at the time it is entered." *Id.* at 491 (quoting *United States v. Stuart*, 392 F.2d 60, 62 (3d Cir. 1968)).[1]

---

**1.** *See also Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir.1976) (for Rule 60(a)

purposes, a mistake of law is not a "clerical mistake", "oversight", or "omission").

The government puts forward an interpretation of Rule 36 that emphasizes that "[e]rrors arising from oversight or omission ... generally require correction to conform to the *then intention* of the court or parties, which may not be reflected in their recorded statements." 8A J. Moore, *Moore's Federal Practice,* ¶ 36.02 at 36–2 (footnote omitted) (emphasis in original). Because the record is merely being corrected and not relitigated, finality concerns are not applicable. Also, the government argues that Rule 36 allows a commitment order to be amended to conform it to the transcript, since the amendment does not modify the sentence itself. Extrinsic evidence may be considered to discern the intent of the sentencing court, including the entire record. *United States v. McAfee,* 832 F.2d 944, 946 (5th Cir.1987). Moreover, appellant's plea agreement very specifically called for appellant to spend five years in prison. The district court questioned appellant as to whether he understood the deal to which he was agreeing, and appellant's counsel reiterated that appellant would serve exactly five years. Furthermore, appellant's 1987 motion to reduce his sentence noted that appellant would spend exactly sixty months in prison. The government argues that it was also misleading to argue that the Parole Commission could release appellant at any time, given his waiver of parole. The government notes the district court's determination on May 15, 1990, that "[a]lthough the original sentence included the appropriate language under 18 U.S.C. § 4205(b)(2) making the defendant eligible for parole, this court's order granting the reduction of sentence did not include such a reference." [2]

### Conclusions

Because the district court's order fundamentally changed the sentence appellant had earlier received, Rule 36 is inapplicable. The district court understood the consequences of its 1987 order reducing appellant's sentence. The district court, three years later, simply changed its mind. The government did not appeal the 1987 order

reducing appellant's sentence, and by 1990 the time for appeal had expired. Furthermore, the government made no new arguments in seeking the 1990 order; it only again showed that the Parole Commission had the power to release appellant prior to the date called for in the plea agreement. Although the increases in appellant's sentence in the spring of 1990 may have been an attempt to conform the sentence to the intentions of the parties, there is no evidence to indicate that the district court ever had the power to sentence appellant to a specific term of years in prison. Under appellant's current, increased sentence, he could spend longer than the agreed-upon five years in prison if the Parole Commission refuses to release him, which would be equally a violation of the plea bargain.

An analogy to this case can be drawn from decisions made under Fed.R.Crim.P. 35(a), which provides that an error or omission in a sentence can be corrected only if the sentence was illegal. *United States v. Dean,* 752 F.2d 535 (11th Cir.1985), held that a district court could not modify a sentence previously imposed in reliance on an erroneous parole date prediction. Relying on *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), this court held that a sentence is not "illegal" "merely because the sentencing judge was mistaken about the length of time Dean would likely serve prior to parole." 752 F.2d at 543. In *Addonizio,* the Supreme Court ruled that a federal prisoner could not complain that changes in the Parole Commission's internal evaluative procedures extended the length of his prison term, as the expectations as to his actual stay in prison of the district court judge who sentenced him were irrelevant.

> The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, with certain limitations, to the discretion of the Parole Commission. Whether wisely or not, Congress has decided that the Commission is in the best position to determine when release is appropriate,

---

**2.** However, 18 U.S.C. § 4206(d) requires that *any* prisoner receiving a sentence of five or

more years' imprisonment be eligible for parole after having served two-thirds of that time.

and in doing so, to moderate the disparities in the sentencing practices of individual judges. The authority of sentencing judges to select precise release dates is, by contrast, narrowly limited: the judge may select an early parole eligibility date, but that guarantees only that the defendant will be considered at that time by the Parole Commission.

442 U.S. at 188–89, 99 S.Ct. at 2242. (footnote omitted).

Later, the Court noted that "the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met." 442 U.S. at 190, 99 S.Ct. at 2243.

Thus, what the district court thought would be the result of its sentence is immaterial and cannot provide a basis for a later upward revision of appellant's sentence. Any other result would violate norms of fair-dealing. In *United States v. Jones*, 722 F.2d 632 (11th Cir.1983), this court held that a district court had no power to resentence a defendant to a greater term of incarceration, where the district court subsequently discovered that it had relied on erroneous information. (The erroneous information was not supplied by the defendant.) Thus, the defendant had a legitimate expectation in the finality of his sentence. And arguably here, too, appellant—who was within one month of his scheduled release date—had a legitimate expectation in the finality of his sentence.[3]

Because the 1990 amendment of appellant's sentence was not the correction of a clerical error permissible under Fed.R. Crim.P. 36, we VACATE the district court's orders of April 4, 1990, and May 3, 1990, and reinstate its order of May 27, 1987.

---

**3.** It should be noted that the district court was notified by the Parole Commission in December 1989 that appellant was scheduled to be released in May of 1990.