[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14613
Non-Argument Calendar
_____

D. C. Docket No. 95-00481-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFREDO SCHERY,
a.k.a. Carlos,
a.k.a. Wolf,
a.k.a. Wolfy,
a.k.a. Benjamin Bloom,

Defendant-Appellant,

Home Savings of America, F.S.B.,

Claimant,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

On April 2, 1997, a Southern District of Florida grand jury returned a multi-count indictment against appellant and others.[1] At the time, appellant was serving a prison sentence of 20 years to life in the State of New York. On December 21, 1998, appellant, pursuant to a plea agreement, pled guilty to Count 2 of the indictment.[2] On September 29, 2000, the district court sentenced appellant to a prison term of 188 months, to be served concurrently with his New York sentence.[3]

On February 25, 2008, appellant, proceeding pro se, moved the court to "amend and correct its own judgment of September 20, 2000."[4] He argued that the district judge who had imposed the sentence intended that he "receive credit for the entire 'time served with the New York authorities,'" but mistakenly failed to execute his intent on the judgment of commitment. The district court denied the motion on April 3, 2008, concluding that the motion lacked a legal basis. The

---

[1] This was the third superceding indictment.

[2] This was Count 2 of the fourth superceding indictment, which was identical to Count 2 of the previous indictment.

[3] The court signed the judgment on September 19, 2000; the clerk entered it on docket the next day.

[4] The same day, appellant moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255 on the ground that his attorney had rendered ineffective assistance of counsel at sentencing. The court dismissed the motion without prejudice on appellant's motion on September 26, 2008.

2

court acknowledged that the sentencing judge had stated at sentencing that he expected appellant to receive credit for the time already served in New York before he was taken into federal custody, but that the written judgment did not so provide. The court further stated that although a district court's oral pronouncement at sentencing generally prevails over a conflicting provision in the court's written judgment, the sentencing judge lacked authority to credit appellant for time spent in New York custody before he was taken into federal custody. On April 3, 2008, appellant moved the court for reconsideration. The court denied his motion on August 5, 2008. Appellant now appeals the district court's April 3 and August 5 orders, contending that pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3, the sentencing judge intended and was authorized to credit against his federal sentence 77 months that he served in state prison prior to the imposition of his federal sentence, and that the September 20, 2000 judgment should be amended to reflect the sentencing judge's intent.

## I.

Our first task is to determine whether the district court had subject matter jurisdiction to entertain appellant's motion. Whether the court had jurisdiction to "amend and correct" the judgment is unclear. Appellant's motion states that it was filed pursuant to Federal Rule of Criminal Procedure 47 (a) and (b). That rule

provides general requirements for all motions, but does not provide a basis for jurisdiction. The motion suggested alternatively that the court was authorized to correct its own errors pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides a basis for a party to seek relief from a final judgment in a civil case, not a criminal case.

Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." This rule ensures that the judgment is in accord with the court's unambiguous oral sentence. United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000). It covers "minor, uncontroversial errors." Portillo, 363 F.3d at 1164 (quotation omitted). However, it may not be used to modify a sentence in a substantive way. United States v. Whittington, 918 F.2d 149, 150-51 (11th Cir. 1990).

Because appellant seeks a substantive change to his sentence, absent an unambiguous oral directive at sentencing, the district court did not have jurisdiction under Rule 36 to entertain appellant's motion.

II.

To the extent that appellant contends that the sentencing judge made a substantive error in imposing sentence, he could have sought relief under 42

4

U.S.C. § 2255. A district court is authorized to recharacterize a pro se motion for relief from a criminal judgment as a § 2255 motion. Castro v. United States, 540 U.S. 375, 382-83, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003); Outler v. United States, 485 F.3d 1273, 1279 (11th Cir. 2007), cert. denied, 128 S.Ct. 1443 (2008). In fact, the court has "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Moreover, we have suggested that, where a prisoner disputes a district court's application of U.S.S.G. § 5G1.3 in fashioning his sentence, the proper remedy is a § 2255 motion. See Coloma v. Holder, 445 F.3d 1282, 1285 n.4 (11th Cir. 2006). See also Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973) (holding appropriate remedy for state prisoner attacking length of confinement is habeas corpus relief).

Here, appellant attacks the duration of his sentence. The 77-months' reduction he seeks may be appropriately construed as a motion to vacate. However, it does not appear that the district court explored the possibility of construing his motion to amend and correct as a § 2255 motion. The court should have explored this possibility, including whether appellant's claim is cognizable in a § 2255 motion, whether the motion was time-barred under 28 U.S.C. § 2255(f),

and whether the claim is procedurally defaulted.  To enable the court to consider these questions, we vacate its judgment and remand the case for further proceedings.

VACATED and REMANDED.