[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15257
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00017-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO L. SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 2, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Antonio L. Scott, proceeding *pro se*, appeals the district court's denial of his *pro se* motion to correct his presentence investigation report (PSI), brought pursuant to Fed. R. Crim. P. 36. On appeal, Scott argues the court erred in denying his motion because the court had the authority to correct the PSI as part of the record. Scott contends his PSI incorrectly provided that his offense involved crack cocaine and miscalculated his criminal history score, and he asserts he was sentenced based on this incorrect information. He also argues the court had the power to correct clerical errors *nunc pro tunc*, and, even though he did not move to have the PSI corrected *nunc pro tunc*, the court could grant him such relief as a *pro se* movant. Furthermore, Scott contends the court erred because it had a "duty to correct an obviously injurious error adverse" to him. Finally, he submits that the inaccurate information has caused prison administrators to "erroneously classify [his] custody classification form," in violation of the Fifth Amendment.

Rule 36 of the Federal Rules of Criminal Procedure provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. We have recognized that Rule 36 only allows for the correction of "clerical mistakes" and stated that "[i]t is clear in this Circuit that Rule 36 may not be used to make a

2

substantive alteration to a criminal sentence." *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (internal quotations omitted). In *Portillo*, we held Rule 36 was the proper vehicle for the district court to correct a judgment to conform to the court's oral pronouncement at sentencing regarding a restitution order, noting that the mistake was clerical because it was "minor and mechanical" and "did not fundamentally alter Portillo's sentence." *Id.* at 1165. In addition, we concluded the district court's deletion of a provision from the judgment that Portillo pay restitution jointly and severally with his co-conspirator was proper under Rule 36 because the court overlooked that the co-conspirator was not ordered to pay restitution and the change did not make Portillo's sentence more onerous. *Id.*; *cf. United States v. Whittington*, 918 F.2d 149, 151 (11th Cir. 1990) (holding Rule 36 was inapplicable when a court order "fundamentally changed the sentence appellant had earlier received").

Scott did not seek to correct a clerical error of the type that Rule 36 can be used to correct, so the district court correctly determined he was not entitled to relief under that rule. Additionally, it appears no other statute or rule could provide Scott with the relief he sought. For example, even if the district court had construed Scott's motion as a motion for a modification of his sentence under Rule 35 or 18 U.S.C. § 3582, the government never filed a motion to reduce Scott's

3

sentence and Scott filed his own motion more than seven days after sentencing and did not identify a retroactively applicable amendment to the Sentencing Guidelines that would have the effect of lowering his Guidelines range. *See United States v. Morrison*, 204 F.3d 1091, 1093 (11th Cir. 2000) (finding, in the context of an earlier version of Rule 35(a), the seven-day limitation is a "jurisdictional restriction"); 18 U.S.C. § 3582(c)(2)). Further, the district court would not have had jurisdiction to construe Scott's motion as one filed pursuant to 28 U.S.C. § 2255 because he previously filed a § 2255 motion that was denied with prejudice and had not obtained authorization from this Court to file a second or successive § 2255 motion. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Accordingly, we discern no reversible error and affirm.

**AFFIRMED.**

4