[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13973
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-00013-KD-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAULETTE LOVE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 25, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Laulette Love appeals her 60-month above-guideline sentence, imposed after pleading guilty to bank fraud, in violation of 18 U.S.C. § 1344. On appeal, Love argues that: (1) her sentence is substantively unreasonable because the district court improperly balanced the 18 U.S.C. § 3553(a) factors by overemphasizing her criminal history; and (2) her sentence should be vacated and remanded because it is unclear whether the sentence is to run concurrently with a previously imposed state sentence. After careful review, we affirm in part, and dismiss in part.

The sentence a district court imposes is reviewed for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). The party challenging the sentence carries the burden to demonstrate that it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We review de novo a district court's application of Federal Rule of Criminal Procedure 36 to correct its judgment. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

First, Love has not shown that her sentence is substantively unreasonable. We consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh,

2

515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."[1] Talley, 431 F.3d at 788. "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

Where the district court decides a variance is in order, the justifications must be "compelling" enough to support the degree of the variance. United States v. Shaw,

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

560 F.3d 1230, 1238 (11th Cir. 2009) (citations omitted). Imposition of a sentence well below the statutory maximum is another indication of reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (considering that the sentence was well below the statutory maximum in finding the sentence reasonable).

In this case, the district court did not abuse its discretion in sentencing Love to an above-guideline sentence of 60 months. The district court noted Love's extensive history of fraud, identity theft, and theft charges, and it did so in the context of the court's duty to advance the statutory purposes of 18 U.S.C. § 3553(a). Indeed, the record shows that the court based its sentence on Love's criminal history and characteristics, see 18 U.S.C. § 3553(a)(1), and found that Love's sentence was necessary to deter her from future crimes, see id. § 3553(a)(2)(B), and to protect the public from those future crimes, see id. § 3553(a)(2)(C). Thus, although the 60-month sentence was a significant upward variance from Love's guideline range, the variance was supported by significant justification. See Shaw, 560 F.3d at 1240-41 (affirming upward variance from 30 to 37 months' imprisonment to statutory maximum of 120 months' imprisonment as substantively reasonable where district court methodically reviewed the § 3553(a) factors and, among other things, found that the defendant had committed similar crimes before and that shorter sentences in the past were ineffective to protect the public). Furthermore, Love's 60-month sentence

4

was well below the statutory maximum sentence of 30 years' imprisonment, another indicator of reasonableness. See Gonzalez, 550 F.3d at 1324.

We also reject Love's claim that her sentence should be vacated and remanded because it is unclear whether her sentence is to be served concurrently with a previously imposed state sentence. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. This Rule may not be used "to make a substantive alteration to a criminal sentence." United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003). However, a district court may correct clerical errors in the written judgment at any time "to ensure that the judgment is in accord with the oral sentence." Portillo, 363 F.3d at 1164. The entire record may be reviewed as extrinsic evidence when attempting to discern the intent of the sentencing court. United States v. Whittington, 918 F.2d 149, 151 (11th Cir. 1990). A sentence that is pronounced orally takes precedence over any subsequently issued written criminal judgments. United States v. Ridgeway, 319 F.3d 1313, 1315 (11th Cir. 2003). Other types of allowable alterations to a judgment per Rule 36 are those that are "minor and mechanical," or that do not fundamentally alter a sentence by making it more onerous to the defendant. See Portillo, 363 F.3d at 1165.

5

Here, the district court retained jurisdiction to correct its clerical error. See Pease, 331 F.3d at 816 (noting that the district court does not lose jurisdiction to amend a judgment to correct clerical errors pursuant to Fed. R. Crim. P. 36). The district court's amended judgment says that "the Court intended for the sentence to run consecutive to the state sentence defendant is serving in Louisiana for the unrelated bank fraud conviction." There is no support for Love's argument that the oral pronouncement and written judgment show that the court intended to impose a concurrent sentence. Rather, the statement made by the district court during the sentencing hearing -- that "it will not be served concurrent" -- constitutes extrinsic evidence indicating that the sentence was to be served consecutive to the state sentence. See Whittington, 918 F.2d at 151. Thus, the complete record shows that the amended judgment was made to ensure that the written judgment was in accord with the oral sentence, which indicated that Love's federal sentence would be served consecutive to the state sentence. See Portillo, 363 F.3d at 1164. Because the record is no longer ambiguous as to the court's sentence, there is no longer a live controversy as to this issue, and it is therefore moot. See De La Teja v. United States, 321 F.3d 1357, 1364 (11th Cir. 2003) (holding that when an issue in a case becomes moot on appeal, we must dismiss as to the mooted issue).

**AFFIRMED IN PART, DISMISSED IN PART.**

6