[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13386
Non-Argument Calendar
_____

D.C. Docket No. 9:07-cr-80051-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIEN GARCON,
a.k.a. Johnathan Imgramham,
a.k.a. Julian Garcon,
a.k.a. Tedric Sherman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 1, 2015)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Julien Garcon, proceeding pro se, appeals the district judge's denial of his motion to correct clerical errors in his presentence investigation report ("PSI") under Federal Rule of Criminal Procedure 36. We affirm.

## I.    BACKGROUND

In 2008, Garcon was convicted of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(e) and (g). He was sentenced to 120 months of imprisonment. Garcon appealed his conviction; we affirmed. *United States v. Garcon*, 349 Fed. Appx. 377 (11th Cir. 2009). Garcon filed a motion to vacate under 28 U.S.C. § 2255 and two motions to reduce his sentence under 18 U.S.C. § 3582(c)(2), none of which was successful.

In July 2014, Garcon filed the Rule 36 motion that is the subject of this appeal. Garcon's sentencing proceedings and those proceedings related to his Rule 36 motion are relevant to this appeal.

A.    Sentencing

According to Garcon's original PSI, three firearms were uncovered in connection with his crime: a Sig Sauer .40 caliber handgun, a Mossberg 12-gauge shotgun, and an Intratec firearm. The Sig Sauer had been reported stolen. Garcon received enhancements under U.S.S.G. § 2K2.1(b)(1)(A), because his crime involved more than two but less than eight firearms, and § 2K2.1(b)(4)(A), because one of the firearms was stolen. Garcon's sentence also was enhanced under

2

U.S.S.G. § 4B1.4(b)(3)(A), because he was classified as an armed-career criminal under 18 U.S.C. § 924(e).  He received a total of nine criminal-history points, yielding a criminal-history category of IV.  Because his PSI classified him as an armed-career criminal, his criminal-history category was increased to VI.  Among the prior convictions for which he received criminal-history points were a 1992 manslaughter crime the PSI labeled as "Accessory to Manslaughter" and a 1995 battery-on-a-law-enforcement-officer crime.  Based on his offense level of 34 and criminal-history category of VI, Garcon's Sentencing Guidelines range was 262 to 327 months of imprisonment.  Under § 924(e)(1), Garcon's mandatory-minimum sentence was 15 years of  imprisonment, with a maximum possible sentence of life imprisonment.

Garcon objected to the § 2K2.1(b)(1)(A) enhancement for an offense involving more than two but less than eight firearms, because the indictment mentioned only the Sig Sauer firearm.  He also objected to the § 2K2.1(b)(4)(A) enhancement for the stolen firearm, because the firearm was not included in the count of conviction in the indictment.  Finally, he objected to his classification in the PSI as an armed-career criminal, because (1) he was convicted of being only an accessory after the fact to manslaughter; (2) that conviction was not a violent felony for purposes of § 924(e); and (3) without the manslaughter crime, he did not

have the requisite three predicate convictions to qualify for the armed-career-criminal enhancement.

At sentencing, the district judge overruled Garcon's objections to the § 2K2.1(b)(1)(A) enhancement for a crime involving more than two but less than eight firearms and the § 2K2.1(b)(4)(A) enhancement for a stolen firearm. The government noted, however, the PSI incorrectly indicated the Sig Sauer firearm, rather than the Mossberg shotgun, was stolen. The district judge asked the probation officer to make that correction in the PSI.

To support his objection to his armed-career-criminal classification, Garcon submitted copies of the judgment and commitment order from his manslaughter crime, which showed the conviction was for being an accessory after the fact. The district judge ultimately sustained the objection and found the manslaughter conviction did not constitute a violent felony within the meaning of § 924(e)(1), and the PSI improperly had imposed an armed-career-criminal enhancement.

The district judge recalculated Garcon's Guidelines range to be 168 to 210 months of imprisonment but, because his statutory-maximum penalty became 120 months of imprisonment following the judge's sustaining his objection to the § 924(e) enhancement, that penalty became his Guidelines range. An amended PSI showed the changes to the Guidelines calculations the judge had made at sentencing, including deleting the paragraph stating Garcon was subject to the

4

enhancement as an armed-career criminal, as well as clarifying the Mossberg shotgun had been reported stolen, rather than the Sig Sauer firearm,.

B.    Rule 36 Motion

In July 2014, Garcon filed the subject Rule 36 motion to correct clerical errors in his PSI and raised four arguments.  First, he argued the PSI erroneously stated his crime involved between two and eight firearms.  Garcon contended his crime was limited to only one firearm.  Second, he argued the PSI erroneously stated the Sig Sauer firearm was stolen.  Third, he concluded several of his prior crimes were improperly used as bases for his criminal-history score, because they were more than ten years old.  Fourth, Garcon argued the PSI improperly had failed to specify his prior conviction for manslaughter was for being an "accessory after the fact."

The district judge denied Garcon's Rule 36 motion.  He explained Rule 36 could be used only to correct clerical errors and found Garcon improperly had sought to make substantive changes to his PSI.

## II.    DISCUSSION

On appeal, Garcon raises the four arguments he raised in his Rule 36 motion in district court.  Regarding the fourth argument, he explains correcting the alleged error in the PSI regarding his manslaughter crime would have no effect on his

5

sentence, but would affect his Bureau of Prisons classification and facility placement.

We review de novo a district judge's application of Rule 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Under Rule 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. We have described clerical errors as "minor and mechanical in nature." *Portillo*, 363 F.3d at 1165 (explaining a district judge's Rule 36 order changing the payees of court-ordered restitution to conform to the judge's oral sentencing pronouncement was a correction of a clerical error). "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence." *Id.* at 1164 (citation and internal quotation marks omitted).

The district judge correctly denied Garcon's Rule 36 motion, because the changes Garcon requested to his PSI were substantive, not clerical. *See id.* Garcon raised the objection at sentencing to the number of firearms involved in the crime, resulting in the § 2K2.1(b)(1)(A) enhancement; the judge overruled it. Garcon's request his § 2K2.1(b)(1)(A) enhancement be removed from his PSI and his Guidelines sentencing range be recalculated is not a "clerical error" but a substantive matter he raised at sentencing; the judge rejected it. *See Portillo*, 363

6

F.3d at 1164. To the extent Garcon is requesting his criminal history be recalculated, Rule 36 is not appropriate for raising that claim. *See Portillo*, 363 F.3d at 1164. The change substantively would alter his Guidelines sentencing range, which is not "minor and mechanical in nature." *See id.* at 1165. Garcon's request his PSI be corrected to show the Mossberg shotgun was stolen, rather than the Sig Sauer firearm, is unnecessary, because the Amended PSI already has that correction.

We also conclude Rule 36 relief is not appropriate to change the characterization of Garcon's manslaughter crime in paragraph 24 of his amended PSI to specify his conviction was for being an "accessory after the fact," rather than simply an "accessory." The amended PSI already specifies that his conviction is for being an "accessory" to manslaughter; therefore, the language in the PSI is not erroneous. *See* Fed. R. Crim. P. 36. Moreover, all references to Garcon's classification as an armed-career criminal were removed from the Amended PSI, and the judge's sentence reflects he was not an armed-career criminal. Because there is no error in the PSI regarding Garcon's prior conviction for being an accessory after the fact to manslaughter, Rule 36 relief is unavailing.

**AFFIRMED.**