[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10177
Non-Argument Calendar

_____

D.C. Docket No. 1:00-cr-00425-JIC-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL KNOWLES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 24, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Samuel Knowles, proceeding pro se, appeals the district court's denial of his

motion to correct an error in the record, filed pursuant to Fed. R. Crim. P. 36.  On

appeal, Knowles contends that Rule 36 permits an alteration of the drug amount in his presentence investigation report ("PSI"). After thorough review, we affirm.

We review de novo the district court's application of Rule 36 to correct its judgment at sentencing. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 instructs that a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, Rule 36 may not be used by a court to make a "substantive alteration" to a defendant's sentence. Portillo, 363 F.3d at 1164 (quotation omitted); see also United States v. Whittington, 918 F.2d 149, 151 (11th Cir. 1990) (holding that Rule 36 was inapplicable when a court order "fundamentally changed the sentence appellant had earlier received"). Instead, Rule 36 is a remedy for errors that are "minor and mechanical in nature." Portillo, 363 F.3d at 1165.

Here, the district court did not err in denying Knowles's Rule 36 motion. In the Rule 36 motion, Knowles requested that the paragraphs in his presentence investigation report ("PSI") detailing uncharged conduct be removed from the PSI -- in other words, he specifically sought to alter the court's drug amount calculation, which served as the basis of his base offense level and his guideline calculations. Altering the drug amount, and ultimately the base offense level in Knowles's PSI, would fundamentally change the proceedings underlying the

sentence he received. He is not seeking to correct a clerical error. Portillo, 363 F.3d at 1164. Because he requested a substantive, not clerical, change to his PSI, Rule 36 does not apply. See id.; Whittington, 918 F.2d at 151.

Moreover, the district court could not have construed Knowles's motion under a different rule to provide relief. Indeed, the court lacked jurisdiction to construe Knowles's Rule 36 motion as a § 2255 motion because he previously filed a § 2255 motion that was denied with prejudice, and he had not obtained authorization from this Court to file a second or successive § 2255 motion. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that a district court lacks jurisdiction to review a second or successive § 2255 motion where the movant failed to obtain authorization to file the motion from this Court). Accordingly, we affirm.

**AFFIRMED.**