[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13618

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOE PERRY GARRETT,
a.k.a. Jo Jo,
a.k.a. Jahid,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:99-cr-00133-WTM-CLR-2

————————————

Before WILSON, JORDAN, and MARCUS, Circuit Judges.

PER CURIAM:

Joe Perry Garrett appeals the district court's denial of his counseled Fed. R. Crim. P. 36 motion to correct an allegedly erroneous description of one of his prior offenses of conviction in his presentence investigation report ("PSI"). On appeal, he argues that the district court erred in denying his motion because his requested correction merely would have been a clerical change. After thorough review, we affirm.

We review the district court's application of Rule 36 to correct a clerical error *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004).

Rule 36 allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight of omission." Fed. R. Crim. P. 36. However, Rule 36 may not be used "to make a substantive alteration to a criminal sentence." *Portillo*, 363 F.3d at 1164 (quotations omitted). Clerical errors are "minor and mechanical in nature," like errors in transcription or recitation. *See id.* at

1164–65.  For example, we have remanded to correct a clerical error where the district court's judgment stated the incorrect statute of conviction.  *United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011).  We have also remanded where the district court judgment stated that the defendant had pleaded guilty to an incorrect count number.  *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).

"Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity."  *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (quotations omitted).  "[A] failure to object to allegations of fact in a PSI . . . precludes the argument that there was error in them."  *Id.* (quotations omitted).

Here, the district court did not err in denying Garrett's motion.  Specifically, Garrett asked the district court to correct paragraph 37 of his PSI to state that his 1992 Georgia offense was for "possession of a controlled substance," which he says was the reduced charge to which he pled guilty, rather than "possession of a controlled substance with intent to distribute."  However, Garrett's request was not a clerical or minor one; had the district court made this change, it could have opened the door to a challenge that Garrett was incorrectly deemed a career offender.[1]  *See Portillo*,

---

[1] Indeed, Garrett has already filed, through counsel, numerous post-conviction motions in the district court challenging various aspects of his career-offender status, including motions under 18 U.S.C. § 3582, 28 U.S.C. § 2255 and § 404 of the First Step Act.  In 2019, the district court granted his motion under

363 F.3d at 1164 (Rule 36 may not be used "to make a substantive alteration to a criminal sentence") (quotations omitted); *United States v. Whittington*, 918 F.2d 149, 151 (11th Cir. 1990) (holding that Rule 36 could not be used to "fundamentally change[ ] the sentence [the] appellant had earlier received").  Moreover, Garrett did not object to the PSI's characterization of his 1992 Georgia offense during his sentencing, and, under our case law, "a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes" and "precludes the argument that there was error in them." *Beckles*, 565 F.3d at 844 (quotations omitted).  Accordingly, we affirm.

**AFFIRMED.**

---

§ 404 of the First Step Act and reduced his total sentence from life to 426 months' imprisonment.