[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12545

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES EDWARD PHILLIPS, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00142-BJD-MCR-1

_____

Before JORDAN, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

James Edward Phillips, III, a federal prisoner proceeding *pro se*, appeals the denial of his post-judgment motion to correct his Presentence Investigation Report ("PSI"). He argues that the district court erroneously construed his motion as a request for a sentence reduction and abused its discretion by denying the motion without addressing whether his criminal history score was miscalculated.

We review *de novo* legal questions concerning federal criminal statutes and the Federal Rules of Criminal Procedure. *See United States v. Rojas*, 718 F.3d 1317, 1319 (11th Cir. 2013); *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006). For the reasons which follow, we conclude that the district court did not have jurisdiction to consider Mr. Phillips' motion.

As relevant here, 18 U.S.C. § 3582(b) provides that a judgment of conviction that includes a sentence of imprisonment is final, but the sentence can be "modified" pursuant to § 3582(c), "corrected" pursuant to Rule 35 and 18 U.S.C. § 3742, and "appealed and modified" if outside the guideline range pursuant to § 3742. Under § 3582(c)(1), a district court may "reduce" a sentence if certain requirements are met under § 3582(c)(1)(A), or "modify" a term of imprisonment to the extent that modification is "expressly permitted by statute" or by Rule 35 under § 3582(c)(1)(B). And under § 3582(c)(2), a district court may reduce a defendant's term of

imprisonment if the defendant was sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

Mr. Philipps asserts that he is not seeking to challenge, correct, alter, or modify his sentence, so the statutory provisions summarized above are not relevant. He says that he wants to correct his criminal history score because it affects his "program progress" while incarcerated, impacts his risk assessment, and prevents him from applying certain credits.

Federal Rule of Criminal Procedure 32 governs the preparation of PSIs. Rule 32 provides the timeframe for giving a defendant notice of the PSI and a 14-day deadline to submit written objections to the PSI. It also states that, for any disputed portion of the PSI, the sentencing court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(e), (f)(1), (i)(3)(B).

Rule 32, standing alone, does not confer jurisdiction on the district court to consider a post-judgment motion to correct a PSI. *See United States v. Fischer*, 821 F.2d 557, 558 (11th Cir. 1987); *United States v. Peloso*, 824 F.2d 914, 915 (11th Cir. 1987). Where the district court does not have jurisdiction over a Rule 32 claim, it must dismiss the motion. *See Fischer*, 821 F.2d at 558-59 (remanding with instructions to dismiss for lack of jurisdiction where the district court denied a Rule 32 motion).

The correct procedure is to raise a Rule 32 violation on direct appeal. *See Peloso*, 824 F.2d at 915. Other options for pursuing this type of claim include filing a Rule 35 motion within the applicable timeframe, a 28 U.S.C. § 2255 motion, or a 28 U.S.C. § 2241 petition. *See id.* Because Mr. Philipps is not currently contesting his conviction or sentence, however, none of these procedural vehicles apply.

Under Federal Rule of Criminal Procedure 36, the district court may, at any time, correct a clerical error or an error in the record arising from oversight or omission. But Rule 36 does not provide a court independent jurisdiction to consider the merits of an alleged error that is more than "minor and mechanical in nature." *United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004). In other words, Rule 36 may not be used "to make a substantive alteration to a criminal sentence" or correct errors of law and is instead a remedy to rectify non-substantive errors, such as when the written judgment unambiguously conflicts with the oral pronouncement of sentence. *See id.* (quotation marks omitted). *Cf. United States v. Mackay*, 757 F.3d 195, 196, 200 (5th Cir. 2014) (holding that a defendant convicted of a marijuana offense could use Rule 36 to correct the PSI, which incorrectly stated that he was convicted of a cocaine offense).

We have repeatedly held that a request to change a criminal history score (here from criminal history category VI to criminal history category V) cannot be made through Rule 36. *See, e.g., United States v. Garcon*, 611 F. App'x 943, 945 (11th Cir. 2015); *United*

24-12545                Opinion of the Court                5

*States v. Scott*, 327 F. App'x 850, 851 (11th Cir. 2009).  Those prior decisions, though unpublished are persuasive, and we see no reason to depart from them here.

The district court did not have jurisdiction to consider Mr. Phillips' motion to correct the PSI because no statute or legal rule provided it with the authority to consider the relief sought.  *See United States v. Kaiser*, 50 F.Supp.3d 200, 203-04 (E.D.N.Y. 2014) (district court lacked jurisdiction under Rules 32 and 36 to consider the defendant's motion to attach certain documents to the PSI). Because the district court denied, rather than dismissed, Mr. Phillips' motion, we vacate and remand for the court to dismiss the motion for lack of jurisdiction.

**VACATED & REMANDED WITH INSTRUCTIONS.**