**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1677
_____

UNITED STATES OF AMERICA

v.

ANDRE LAMAR HENDERSON,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-11-cr-00122-001)
District Judge: Hon. John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2012

BEFORE: FUENTES, FISHER and COWEN,  Circuit Judges

(Filed:  October 25, 2012)
_____

OPINION
_____

COWEN, Circuit Judge.

    Andre Lamar Henderson appeals from the criminal judgment and sentence entered

by the United States District Court for the Middle District of Pennsylvania.  We will affirm.

I.

Henderson pled guilty to one count of conspiracy to submit false tax returns in violation of 18 U.S.C. § 286 and three counts of filing false tax returns in violation of 18 U.S.C. § 287.  The Presentence Investigation Report ("PSR") calculated a total of 41 criminal history points and a resulting criminal history category of VI.  Combined with a total offense level of 15, the Guidelines sentencing range was 41 to 51 months.  The PSR further indicated that the District Court may wish to consider an upward departure under U.S.S.G. § 4A1.3 on the grounds that "Henderson has a total of 28 adult convictions, resulting in a total of 41 criminal history points, which is more than triple the minimum amount required to be in Criminal History Category VI" and that, out of these 28 convictions, "7 were not pointable and 6 were not pointed because they are outside the applicable time period."  (PSR ¶ 100.)  While the government argued that an upward departure was warranted, Henderson, among other things, objected to this proposed upward departure, and he requested a downward variance on the basis of serious mental health problems.

As part of its extensive discussion on the record at Henderson's sentencing hearing, the District Court specifically addressed the departure and variance requests and explained that an upward departure of two offense levels was warranted in the present circumstances.  This departure resulted in a total offense level of 17 as well as an ultimate

2

Guidelines range of 51 to 63 months. The District Court sentenced Henderson to 57 months of imprisonment on each of the four counts, to be served concurrently (and consecutively to sentences from several state court proceedings).

II.

Henderson acknowledges that "U.S.S.G. § 4A1.3 (Policy Statement) does permit a sentencing court to impose an upward departure from Criminal History Category VI." (Appellant's Brief at 11.) He contends, however, that his sentence was substantively unreasonable because the District Court failed to follow the step-by-step "ratcheting" procedure in imposing a two-level upward departure with respect to his offense level.[1]

In addressing the respective departure (or variance) requests, the District Court explained that it was "appropriate for the Court to upwardly depart in this case although not necessarily to the extent that has been recommended by the probation officer" and that, in the end, a two-level departure was "warranted under the circumstances." (A72.) It determined that the criminal history category substantially underrepresented the seriousness of Henderson's criminal history as well as the likelihood that he would commit other crimes in the future. "[T]he Defendant has a total of seven convictions, including juvenile convictions for unauthorized use of a motor vehicle and retail theft, and adult convictions for harassment, recklessly endangering another person, theft by unlawful taking, possession of cocaine, and defiant trespass." (A72-A73.) Even though

---

[1] The District Court possessed subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. The parties disagree over whether this Court must apply a plain error standard of review, but

several convictions were not counted for various reasons, Henderson had still managed to accrue 41 criminal history points, which "exceeds the number of points required for a criminal history category of 6 by 28 points." (A73) The District Court expressly found "that the Defendant demonstrates a distinct pattern of financially motivated and violent crimes, notably robbery, theft, the sale of drugs, and this pattern in and of itself demonstrates a strong likelihood of recidivism." (Id.) His previous sentences, some of which were substantially longer than a year, "have not obviously been an adequate deterrent," and, on the contrary, he was even "incarcerated at the time he committed the instant offense." (Id.) The District Court further noted that Henderson's "unstable psychological history" actually raised recidivism concerns. (A74.) It accordingly concluded its departure analysis by stating that "we're structuring this departure by moving incrementally, and we believe that this is the appropriate way to do so under the guidelines, and the two-level upward departure takes into account all the relevant and important factors including the nature and significance of the Defendant's criminal history and his history of mental illness." (Id.)

A sentencing court need not "go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects.'" United States v. Harris, 44 F.3d 1206, 1212 (3d Cir. 1995) (quoting United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc)). Under the circumstances, we conclude that the District Court's reasons for rejecting a one-level

---

we determine that no reversible error was committed here—plain or otherwise.

4

departure in the offense level were sufficiently "clear from the record as a whole." <u>Id.</u>

## III.

For the foregoing reasons, we will affirm the District Court's criminal judgment and sentence.