**\*AMENDED**
ALD-065                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4079
_____

UNITED STATES OF AMERICA

v.

ANDRE LAMAR HENDERSON,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 1-11-cr-00122-001)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal as Untimely or Summary
Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 18, 2014
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2015)
_____

OPINION*
_____

PER CURIAM

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andre Lamar Henderson, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion pursuant to Federal Rule of Criminal Procedure 36. For the reasons that follow, we will affirm the judgment of the District Court.

In 2011, Henderson pleaded guilty to conspiracy to submit false tax returns in violation of 18 U.S.C. § 286, and filing false tax returns in violation of 18 U.S.C. § 287. The District Court sentenced Henderson to 57 months in prison. Henderson challenged his sentence on direct appeal and we affirmed. United States v. Henderson, 502 F. App'x 194 (3d Cir. 2012) (non-precedential).

On September 2, 2014, Henderson filed a motion pursuant to Rule 36 to correct a clerical error in his Presentence Investigation Report ("PSR"). Henderson asserted that the Probation Officer had failed to include his mental health history in his PSR, that the Bureau of Prisons relies on the PSR for programming purposes, and that as a result of this omission he has been unable to participate in mental health programs.

The District Court denied the motion. The District Court stated that it had also received letters from Henderson regarding his access to mental health programming, and that in response it had contacted the United States Probation Office. The District Court was advised that Henderson's former counsel had forwarded copies of his mental health records to his Unit Manager. The District Court noted that it had no power to order the Bureau of Prisons to provide treatment, and that Rule 36 does not provide an avenue to alter Henderson's PSR. This appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We have not decided the standard of review applicable to the denial of a Rule 36 motion. Other courts of appeals have applied different standards. See, e.g., United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir. 1985) (per curiam) (applying a clear error standard); United States v. Niemiec, 689 F.2d 688, 692 (7th Cir. 1982) (applying an abuse of discretion standard). We will not resolve this question here because we would affirm under either standard.

Under Rule 36, a court may "at any time correct a clerical error in the judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Errors arising from oversight or omission are generally corrected to conform to the *intention* of the court or parties at the time the error was made, which may not be reflected in their recorded statements." United States v. Bennett, 423 F.3d 271, 277 n.4 (3d Cir. 2005) (citation omitted) (emphasis in original).

Henderson has not shown that the parties intended to include his mental health history in the PSR. While Henderson sought a downward variance at sentencing based on his history of mental illness, the sentencing transcript reflects that Henderson's counsel did not make any objections to the PSR at sentencing. In short, Henderson has not established that there is an error in the record arising from oversight or omission.

---

[1] The parties were initially notified that this appeal was subject to possible dismissal because the notice of appeal appeared to be untimely filed. We decline to dismiss this appeal because the time requirements of Federal Rule of Appellate Procedure 4(b) are not jurisdictional and the Government did not respond to our notice, thereby waiving any contention that the appeal is untimely. Virgin Islands v. Martinez, 620 F.3d 321, 327-29 (3d Cir. 2010).

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.[2]

---

[2]Henderson's motions asserting that the Probation Office committed substantial error by not including his mental health history in his PSR are denied.